IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LYNN TROTTER** | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. _____ |
| v. | : | |
| | : | |
| **UPPER MORELAND SCHOOL DISTRICT** | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

**I.   Introduction**

1.   Plaintiff has initiated the instant action to redress violations of the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.) ("ADEA") and the Pennsylvania Human Relations Act (43 P.S. § 951 et seq.) ("PHRA").

**II.   Parties**

2.   Plaintiff is a female adult citizen of the United States. She lives in Montgomery County, within the Commonwealth of Pennsylvania.

3.   Defendant Upper Moreland School District ("UMSD") is a public educational entity located in Southeastern Pennsylvania, Eastern Montgomery County. It educates approximately 3,200 students annually.

4.   Dr. Susan Elliott, Superintendent of Schools, is the highest ranking administrative officer within UMSD, and a nine (9)-member Board of School Directors governs daily operations.

5.    At all times relevant herein, UMSD acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for UMSD at all times relevant herein.  UMSD is therefore fully responsible for the illegal acts and omissions of the aforesaid employees pursuant to the principle of *respondeat superior*.

### III.    Jurisdiction and Venue

6.    The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 because it involves questions of federal law.  The Court may also maintain supplemental jurisdiction over state law claim set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because it is sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

7.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8.    Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because the acts and/or omissions giving rise to the claims set forth

herein occurred in this judicial district.

### III. Exhaustion of Administrative Remedies

9. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII and the PHRA. In particular:

   a. On or about December 14, 2021, Plaintiff filed a timely written charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC");

   b. The EEOC assigned it charge number Charge No. 530-2022-01448;

   c. On or about December 12, 2022 the EEOC issued a Dismissal and Notice of Rights;

   d. The instant action is timely because it was initiated within ninety (90) days of the receipt of the aforementioned Notice;

   e. Plaintiff has fully exhausted her administrative remedies.

### IV. Factual Background

10. Plaintiff was born in 1956.

11. She was first hired by Defendant in 1995 as Administrative Assistant to the Director of Media Services.

12. Subsequently she held a number of different roles, which culminated in her appointment as Student Data Coordinator/Webmaster/Registrar in 2010.

13. In that role, she reported directly to the Superintendent of Schools, Dr. Robert Milrod.

14. Plaintiff's performance of those multiple job functions was always satisfactory under Milrod, as evidenced by a performance history dominated by Exceeds ratings.

15. In July of 2020, UMSD appointed a new Superintendent, Dr. Michael Q. Roth.

16. In September of 2020, Roth informed Plaintiff that he was reassigning Plaintiff's Registrar duties to another employee.

17. At that time, Plaintiff was directed to begin reporting to UMSD's IT manager rather than Roth.

18. The employee to whom Roth reassigned Plaintiff's Registrar duties is, upon information and belief, at least 15 years younger than Plaintiff and had been previously removed from the Registrar position due to poor performance.

19. Early in his tenure, Roth took action against another older employee. The secretary assigned to the Superintendent was in her 60s. Roth swiftly removed her and replaced her with an employee in her 40s.

20. Roth further diminished Plaintiff's job duties during the same school year.

21. In January of 2021, Plaintiff's office was relocated to a closet in the high school with dead bugs in it. She was assigned to issue and collect Chromebooks from students who had forgotten them. Plaintiff performed this task along with her other duties.

22. On June 18, 2021, Plaintiff received an email from the HR Director, asking if Plaintiff could meet with her at 2:00 p.m. that day. In that meeting, Plaintiff was informed that

UMSD was terminating her employment.

23. Plaintiff was told UMSD was going in another direction and was restructuring her position.

24. During the meeting, the HR Director stated, "This has nothing to do with your job performance."

25. Plaintiff told the HR Director that she didn't understand the reason for the decision in that she had a lot of skill sets that no one had even discussed with her. The HR Director said "you're right, we haven't done that."

26. Upon information and belief, substantially younger employees assumed Plaintiff's job responsibilities.

27. At the time Plaintiff was discharged she was three months shy of her 65th birthday.

28. Aside from Plaintiff and Roth's secretary, Roth initiated the termination of several other older employees from their employment with UMSD. Upon information and belief, Roth and/or UMSD took action against a female principal in her 60s, a receptionist at the high school in her 60s, and a payroll employee in her 60s.

29. Upon information and belief, UMSD's Board of School Directors had enough of Roth's malfeasance and discharged him in December 2021 - less than two years after he was hired but not before he caused palpable harm to older employees.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31     As made plain in the above averments, and in violation of the ADEA and PHRA, UMSD has engaged in knowing, willful, purposeful and unlawful discrimination by terminating Plaintiff's employment on account of her age.

32.    As a result of UMSD's unlawful conduct, Plaintiff has suffered pecuniary losses, substantial emotional distress, humiliation, inconvenience and other non-pecuniary losses.

33.    As a result of the age discrimination inflicted by Defendant, Plaintiff has suffered damages including but not limited to denial of employment, lost wages, lost benefits, lost promotions, lost training, and lost experience.

**WHEREFORE**, Plaintiff requests the relief set forth below:

A.     UMSD shall be enjoined from maintaining its illegal policy, practice, or custom of discriminating against employees based on their age, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B.     UMSD shall compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for UMSD's illegal actions, including but not limited to back pay, front pay, salary, pay increases, vacation/sick time, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the time UMSD terminated Plaintiff's employment;

C.     UMSD shall pay Plaintiff compensatory damages for the pain, suffering, mental anguish and humiliation caused it has caused to Plaintiff by its illegal actions as

permitted by the PHRA;

D.   Because UMSD willfully violated Plaintiff's rights under the ADEA, UMSD shall pay liquidated damages to Plaintiff pursuant to section 626(b) of the ADEA;

E.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

G.   This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by UMSD.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby makes her request for a jury trial for all claims raised in this action.

Respectfully submitted,

**WEINSTEIN LAW FIRM, LLC**

By:   /s/ Marc E. Weinstein
Marc E. Weinstein, Esquire
500 Office Center Drive, Suite 400
Fort Washington, PA 19034
267.513.1942
marc@meweinsteinlaw.com
Counsel to Plaintiff
PA Atty No. 79474

Dated:       February 24, 2023